UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT I. GOODSTEIN,
        Plaintiff,

v.

CONTINENTAL CASUALTY CO., et al.,
        Defendant(s).

NO. C02-1669

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's Motion for Reconsideration of this Court's Order Dismissing this case. (Dkt. No. 75). Having received and considered all pertinent documents and pleadings regarding this motion, the Court hereby DENIES Plaintiff's Motion for Reconsideration. The Court recognizes that oral agreements are enforceable. However, the terms of the agreement between the Receiver and Zelman were never put before this Court in any substantive way that allowed the Court to consider it. They have not shown good reasons why this evidence was not available and the Court will not grant reconsideration on this basis. Similarly, the Court will not grant Plaintiff's Motion on the basis of its Duty to Defend arguments because Plaintiff has not shown that it ever requested a defense from Defendants.

**I. The Cross-Assignment of Claims**

Plaintiff argues that, at the time it made its ruling, the Court did not look closely enough at its agreement with buyer Zelman to cross assign claims in this case**.** Normally, in CERCLA cases a responsible party may take on the cleanup of a property that it polluted and then make a claim for the cost of its cleanup under its CGL policy. Here, Plaintiffs were claiming that the difference between the

ORD ON MTN TO CONT - 1

appraised value of the property and the price it sold for when it was contaminated should be recoverable. The Court rejected this claim, stating that because Plaintiffs did not actually undertake the clean-up, they may not recover the "cost" of the cleanup from their insurers. Plaintiffs now claim that its agreement with Zelman to cross-assign claims allows Plaintiffs to sue for the rights Zelman would have had against Industrial Insurance for the cost of the clean up of the property. Under local civil rule 7(h), motions for reconsideration will only be granted if the movant can show manifest error on the part of the Court or presents new evidence that was unavailable at the time the Court made its ruling. Plaintiffs do not meet either standard regarding the cross-assignation of claims. Plaintiff admits that the agreement was not finalized and only put the broadest outline of the agreement before the Court. (Christensen Decl. at ¶¶ 3-4). Plaintiff does not give a substantial reason for why this agreement was not finalized. Without more information, the Court could not properly evaluate whether the agreement in principle was likely to change or whether its terms performed the function that Plaintiffs claimed. Accordingly, Plaintiff's Motion for Reconsideration of the Cross-Assignment of Claims is DENIED.

**II. Duty to Defend**

Plaintiff claims, as it claimed before, that the duty to defend arose on the part of insurers when the state and federal governments alerted the Sternoff family that they would be liable for cleanup on the properties in question. Plaintiff also argues that Defendants made the argument for the first time at oral argument that where there is no duty to indemnify, there is no duty to defend. Plaintiff claims that it gave adequate notice to Defendants that should have triggered a duty to defend when it sent a letter to Defendants alerting them that Plaintiff "may" make a claim under the CGL policies covering the properties.

In Washington, courts do not expect insurers to anticipate when an insured will make a claim for a defense. <u>Griffin v. Allstate Ins. Co.</u>, 108 Wn. App. 133, 140, 29 P. 3d 777 (2001); <u>Unigard v. Leven</u>, 97 Wn. App. 417, 983 P. 2d 1155 (1999). This is so, even though the duty to defend

ORD ON MTN TO CONT - 2

technically arises when a claim against an insured is made that, if proven, could impose liability on the insured for which he is covered under his insurance policy. Griffin, 108 Wn. App. at 140.

In Leven, the Washington Court of Appeals found that Mr. Leven failed to properly tender his own, personal defense in an environmental cleanup case involving his companies. Although he had properly tendered the defense of his companies and the insurer accepted the defense, Mr. Leven failed to make a specific tender of his personal defense until seven years after he had tendered the defense of his companies. Leven, 97 Wn. App. at 425. The Leven court rejected Mr. Leven's argument that he had tendered his own defense when he'd tendered his companies' defense as requiring too much guesswork on the part of the insurer. Id. The case currently before the Court presents a similar scenario. Mr. Goodstein's attorney sent a letter to Industrial in 1990 stating that he "may" make certain claims. When Industrial proceeded to treat Mr. Goodstein's letter as if it were a claim, he clarified that he was not yet making a claim. Yet, Plaintiff now states that the September 1990 letter triggered a "duty to investigate" on the part of the Defendants. Plaintiffs claim that if Defendants had investigated, they would have known the status of the Receivership and had a chance to object to the actions of the Receiver. However, this argument does not change the fact that Plaintiff never requested a defense from Defendants. At best, Plaintiff's tender of defense was ambiguous and required the insurer to guess whether or not Plaintiff was making a claim. Similarly, Plaintiff's claim that it was taken unawares by Defendants' argument at oral argument that there is no duty to defend where there is no duty to indemnify cannot be a valid basis for reconsideration. The case Defendants cited in their favor is from 1999 and is not new law.

The clerk is directed to send copies of this order to all counsel of record.

Dated: August 5, 2005

Marsha J. Pechman
United States District Judge

ORD ON MTN TO CONT - 3